In the

# United States Court of Appeals

### For the Seventh Circuit

No. 09-2045

MICHAEL L. SHERWOOD,

*Plaintiff-Appellee*,

*v.*

MARQUETTE TRANSPORTATION COMPANY, LLC, and
BLUEGRASS MARINE, LLC,

*Defendants-Appellants*.

Appeal from the United States District Court
for the Southern District of Illinois.
No. 08-cv-849-JPG—**J. Phil Gilbert**, *Judge*.

ARGUED OCTOBER 27, 2009—DECIDED NOVEMBER 23, 2009

Before EASTERBROOK, *Chief Judge*, and EVANS and
WILLIAMS, *Circuit Judges*.

EASTERBROOK, *Chief Judge*. Michael Sherwood filed this
suit under the Jones Act, 46 U.S.C. §§ 30101–06, and
general maritime law, alleging that he suffered an
injury while working as a deckhand. Defendants (collec-
tively Bluegrass Marine, Sherwood's employer), whose
vessels ply the Mississippi River, asked the judge to stay

the suit in favor of arbitration. The Federal Arbitration Act does not apply because Sherwood was a seaman, and "nothing [in the Act] shall apply to contracts of employment of seamen" and some other workers. 9 U.S.C. §1. See *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105 (2001) (discussing §1). But Bluegrass Marine did not rely on the federal Act. Instead it invoked a clause of Sherwood's employment contract providing that all disputes will be arbitrated under the Illinois Uniform Arbitration Act, 710 ILCS 5/1 to 5/23.

Sherwood replied with a number of arguments that are difficult to square with the law of this circuit, such as a contention that arbitration clauses in form contracts are inadequate to waive the right to trial by jury. See *Carbajal v. H&R Block Tax Services, Inc.*, 372 F.3d 903 (7th Cir. 2004) (rejecting that position). The district court nonetheless denied the motion to stay. Bypassing all issues that the parties had briefed, the judge concluded that the Federal Arbitration Act preempts any state law that concerns arbitration. If the federal Act applies, then arbitration must proceed under its terms; if the federal Act does not apply, because of §1 or any other clause, then arbitration is forbidden. Any other outcome, the judge wrote, would interfere with the federal Act's objectives. 2009 U.S. Dist. LEXIS 26934 (S.D. Ill. Mar. 31, 2009).

Perhaps because the issue had not been briefed, the district court did not consider a third possibility: When a contract is covered by the federal Act, states are forbidden to interfere with the parties' agreement (save on a ground, such as the need for a signed writing, applicable

to any contract, see 9 U.S.C. §2), but that, when a contract is not covered by the federal Act, states are free to favor, disfavor, or even ban arbitration. At least two courts of appeals have reached this conclusion, rejecting the argument that exceptions to the federal Act preempt state law. See *Palcko v. Airborne Express, Inc.*, 372 F.3d 588, 595–96 (3d Cir. 2004); *Davis v. EGL Eagle Global Logistics, L.P.*, 243 Fed. App'x 39, 44 (5th Cir. 2007) (nonprecedential disposition). And this court has held that the limited scope of a federal enactment does not preempt state legislation on subjects that Congress has chosen not to regulate. See, e.g., *Amanda Acquisition Corp. v. Universal Foods Corp.*, 877 F.2d 496 (7th Cir. 1989); *Joliet v. New West, L.P.*, 562 F.3d 830 (7th Cir. 2009). This means, we concluded in *Omni Tech Corp. v. MPC Solutions Sales, LLC*, 432 F.3d 797 (7th Cir. 2005), that provisions for alternative dispute resolution may be enforced as contracts under state law, even if the provisions are outside the Federal Arbitration Act's scope. See also *Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 128 S. Ct. 1396, 1406–07 (2008) (agreements that differ from the federal Act's rules may be enforced as contracts, though not under the Act's procedures). But the district court, acting *sua sponte*, appears to have been unaware of these decisions.

Bluegrass Marine appealed, relying on 9 U.S.C. §16(a)(1)(A), which authorizes interlocutory review of any order "refusing a stay of any action under section 3 of this title". There are two problems: First, §16 is part of the Act and so, under the language of §1, does not apply to any employment contract involving a seaman.

See *Pryner v. Tractor Supply Co.*, 109 F.3d 354, 360 (7th Cir. 1997). Second, §3 also is inapplicable, and Bluegrass Marine's motion for a stay did not rely on it. Instead Bluegrass Marine founded its motion on the parties' contract and Illinois law. Neither §3 nor §16 applies to a motion to stay litigation when state rather than federal law is the source of the obligation to arbitrate. Consequently we lack appellate jurisdiction, for Sherwood's action is ongoing in the district court.

According to Bluegrass Marine, *Palcko* holds that §16 supports an interlocutory appeal even when §1 excludes a particular contract from the federal Act's scope. Actually, however, *Palcko* stands for the more modest proposition that, when there is a bona fide dispute about whether a particular contract is within the federal Act's scope, §16 applies. Accord, *Brown v. Nabors Offshore Corp.*, 339 F.3d 391 (5th Cir. 2003). We took the same approach in *Omni Tech*. When the parties disagree about the scope of the Federal Arbitration Act's coverage, the motion (by the proponent of arbitration) seeking a stay is one "under section 3 of this title." The fact that the proponent makes a bad argument does not put the motion outside §3. See *Arthur Andersen LLP v. Carlisle*, 129 S. Ct. 1896, 1900–01 (2009). But Bluegrass Marine did not seek a stay "under section 3 of this title"; it has never contended that the Federal Arbitration Act applies. Section 16 of the Act therefore cannot provide jurisdiction. See also *Bombardier Corp. v. National Railroad Passenger Corp.*, 333 F.3d 250 (D.C. Cir. 2003) (§16 does not permit interlocutory review of all decisions

adverse to a party that wants to arbitrate; review is limited to the situations enumerated in §16(a)).

This leads Bluegrass Marine to invoke the collateral-order doctrine. See *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949). The last decision treating the denial of a stay as an appealable collateral order came in 1988, and there is a good reason for recent silence. The Supreme Court has held that a district judge's refusal to stay, dismiss, or transfer a case under a forum-selection clause is not appealable as a collateral order, because the issue can be resolved on appeal from the final decision. See *Lauro Lines s.r.l. v. Chasser*, 490 U.S. 495 (1989). See also *Digital Equipment Corp. v. Desktop Direct, Inc.*, 511 U.S. 863 (1994) (refusal to stay or dismiss a suit under a settlement contract is not appealable as a collateral order); *Van Cauwenberghe v. Biard*, 486 U.S. 517 (1988) (refusal to stay, dismiss, or transfer a suit in response to an assertion of forum non conveniens is not appealable as a collateral order). An arbitration agreement is a specialized forum-selection clause. See *Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer*, 515 U.S. 528 (1995); *Rodriguez de Quijas v. Shearson/American Express, Inc.*, 490 U.S. 477 (1989). It follows that a district judge's decision to proceed with the suit is not a "final decision" immediately appealable under 28 U.S.C. §1291. See *Wabtec Corp. v. Faiveley Transport Malmo AB*, 525 F.3d 135, 138 (2d Cir. 2008).

Bluegrass Marine also maintains that the district court's order is appealable under 28 U.S.C. §1292 as the denial of an injunction. An old line of cases supports

that position, but "old" is a vital qualifier. An equation between denials of stays and injunctions reflected the *Enelow–Ettelson* doctrine, which was overruled in *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271 (1988). Doubtless it is *possible* for a district judge's procedural order to be treated as the denial of an injunction when it postpones resolution of the dispute and causes the same sort of irreparable injury as the denial of an interlocutory injunction would do. *Gulfstream Aerospace* itself said as much. Perhaps this is what *McNamara v. Yellow Transportation, Inc.*, 570 F.3d 950 (8th Cir. 2009), meant when stating that a refusal to stay a suit may be appealed under §1292(a)(1). But Sherwood's suit seeks damages, not an injunction; thus the choice between resolving the dispute in court or before an arbitrator could not grant or deny an injunction.

If the eighth circuit believes that *every* anti-arbitration order is appealable as an injunction, it is at odds with this circuit and many others. See *Briggs & Stratton Corp. v. Industrial Workers Union*, 36 F.3d 712, 714 (7th Cir. 1994) (disagreeing with *Nordin v. Nutri/System, Inc.*, 897 F.2d 339 (8th Cir. 1990), the sole decision on which *McNamara* relied); *Central States Pension Fund v. Central Cartage Co.*, 84 F.3d 988 (7th Cir. 1996). Section 16 supplied appellate jurisdiction in *McNamara*; that court's invocation of §1292(a)(1) was unnecessary as well as imprudent, for the reasons *Briggs & Stratton* develops.

Bluegrass Marine seems to think that any judicial order that could increase the cost of litigation—which will occur if the district court holds a trial and we later set

aside the judgment and remand with instructions to arbitrate—must be treated as an injunction because needless costs of litigation are "irreparable injury." On that understanding, every order denying a motion for summary judgment, or requiring costly discovery, would be immediately appealable as an injunction. That is not the way §1292 works. An injunction is a form of relief on the merits; orders that increase the expense of litigation are not injunctions. See *Moglia v. Pacific Employers Insurance Co.*, 547 F.3d 835 (7th Cir. 2008). What's more, the expense of litigation is not "irreparable injury." See *Petroleum Exploration, Inc. v. Public Service Commission*, 304 U.S. 209, 222 (1938); *FTC v. Standard Oil Co.*, 449 U.S. 232, 244 (1980); *Renegotiation Board v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974). This proposition is so fundamental to our legal system that we have labeled frivolous the sort of argument Bluegrass Marine presents. See *PaineWebber Inc. v. Farnam*, 843 F.2d 1050 (7th Cir. 1988).

The district court may be able to avert a good deal of wasted motion by taking a fresh look at the preemption question. But if the court stands pat and resolves the suit on the merits, Bluegrass Marine will be entitled to contend on appeal from the final decision that the dispute should have been arbitrated instead. The appeal is dismissed for lack of jurisdiction.