**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| WESTERN SECURITY BANK, a division of Glacier Bank, *Plaintiff-Appellee*, <br><br> v. <br><br> SCHNEIDER LIMITED PARTNERSHIP, *Defendant*, <br><br> and <br><br> JAY WINZENREID, M.D.; STEPHEN EMERY; BIG HORN BASIN BONE AND JOINT, LLC, *Defendants-Appellants*. | No. 15-35617 <br><br> D.C. No. 1:15-cv-00010-SPW-CSO <br><br><br> ORDER |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted to Motions Panel
February 16, 2016

Filed March 14, 2016

Before: Susan P. Graber, Johnnie B. Rawlinson,
and Michelle T. Friedland, Circuit Judges.

# SUMMARY[*]

## Appellate Jurisdiction

The motions panel dismissed for lack of jurisdiction an interlocutory appeal from the district court's denial of a motion for a stay, pending a separate arbitration, of a diversity action to enforce commercial loan guarantees.

The panel held that the court of appeals lacked jurisdiction under § 16(a) of the Federal Arbitration Act, which permits an interlocutory appeal from an order refusing a stay under FAA § 3.  Although the motion was styled as one brought under FAA § 3, the moving party did not seek to compel a party to arbitrate.  Using a test adopted by the Tenth Circuit, the panel held that the court lacked jurisdiction under § 16(a) because the essence of the stay motion was not for relief under the FAA.  In addition, the court of appeals lacked jurisdiction to review, on an interlocutory basis, an ordinary exercise of discretion to deny a stay.

## COUNSEL

Scott Stinson, Stinson Law Group, Bozeman, Montana, for Defendants-Appellants.

Shane P. Coleman, Michael P. Manning, and Robert L. Sterup, Holland & Hart LLP, Billings, Montana, for Plaintiff-Appellee.

---

[*] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

## ORDER

Appellee Western Security Bank ("Western Security") filed in federal district court this diversity action against appellants Jay Winzenreid, M.D., Stephen Emery, and Big Horn Basin Bone and Joint, LLC ("Wyoming Doctors") seeking to enforce commercial loan guaranties. The Wyoming Doctors raised the affirmative defense that Meridian Surgical Partners ("Meridian"), which is not a party to this action, fraudulently induced them to guarantee the loan. The Wyoming Doctors then filed a motion in the district court to stay the present action pending a separate arbitration between the Wyoming Doctors and non-party Meridian. The Wyoming Doctors styled their motion, in part, as one brought pursuant to § 3[1] of the Federal Arbitration Act ("FAA"), notwithstanding the fact that they did not seek to compel Western Security to arbitrate its claims against them. The district court denied the stay motion, and the Wyoming Doctors filed this interlocutory appeal.

Although a court of appeals ordinarily has jurisdiction only over a final decision of the district court, *Arthur*

---

[1] Section 3 of the FAA, 9 U.S.C. § 3 (2012), provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

*Andersen LLP v. Carlisle*, 556 U.S. 624, 627 (2009) (citing 28 U.S.C. § 1291), the Wyoming Doctors invoke § 16(a) of the FAA, which permits an interlocutory appeal "from . . . an order  . . . refusing a stay of any action under section 3 of this title." *See* 9 U.S.C. §16(a)(1).  Western Security contends that we lack jurisdiction over this appeal because neither FAA  § 3 nor § 16(a) applies in the absence of an attempt by the Wyoming Doctors to compel Western Security to arbitrate.  For that reason, it argues, the motion should be construed to seek only a discretionary stay, the denial of which this court lacks jurisdiction to review in an interlocutory appeal.  The Wyoming Doctors counter that, because Meridian's alleged fraudulent inducement is at issue in the separate arbitration, their affirmative defense in this action constitutes an "issue referable to arbitration" within the meaning of § 3.

We have not addressed whether the denial of a stay motion purportedly brought under § 3 is immediately appealable when the moving party does not seek to compel a party to arbitrate.  Other circuits have addressed the related question of whether an appellate court has jurisdiction over an interlocutory appeal from the denial of a motion to dismiss premised on the existence of an arbitration agreement, notwithstanding the fact that the moving party did not seek to compel arbitration or explicitly invoke §§ 3 or 4.  These circuits have held that, in order to invoke the appellate jurisdiction provided in § 16(a), a party in the district court "must either move to compel arbitration and stay litigation explicitly under the FAA, or must make it plainly apparent that he seeks only the remedies provided for by the FAA—namely, arbitration rather than any judicial determination." *Conrad v. Phone Directories Co.*, 585 F.3d 1376, 1385 (10th Cir. 2009); *id.* at 1386 (dismissing

interlocutory appeal for lack of jurisdiction because motion requested "judicial relief in the form of dismissal, rather than a request that the court refer the case to an arbitrator to decide the issues"); *see also Wabtec Corp. v. Faiveley Transp. Malmo AB*, 525 F.3d 135, 140–41 (2d Cir. 2008) (dismissing appeal for lack of jurisdiction because motion to dismiss did not request arbitration); *Bombardier Corp. v. Nat'l R.R. Passenger Corp.*, 333 F.3d 250, 254 (D.C. Cir. 2003) (dismissing appeal for lack of jurisdiction because, "unlike a motion to compel or stay under the FAA, Amtrak's motion exhibited no intent to pursue arbitration"); *cf. Wheeling Hosp., Inc. v. Health Plan of Upper Ohio Valley, Inc.*, 683 F.3d 577, 585–86 (4th Cir. 2012) (adopting *Conrad* analysis and exercising jurisdiction because moving party sought to compel arbitration); *Fit Tech, Inc. v. Bally Total Fitness Holding Corp.*, 374 F.3d 1, 5 (1st Cir. 2004) (exercising jurisdiction based on "explicit request for a reference to the Chicago arbitrator").

In *Conrad*, the Tenth Circuit adopted a two-step process for determining whether a court of appeals has appellate jurisdiction under § 16(a):

> The first, simplest, and surest way to guarantee appellate jurisdiction under § 16(a) is to caption the motion in the district court as one brought under FAA §§ 3 or 4. *See* Fed. R. Civ. P. 10(a) ("Every pleading must have a caption with the court's name, a *title*, a file number, and a Rule 7(a) designation.") (emphasis added). This simple rule should dispose of the vast majority of cases in this area, and those hoping to avail themselves of

> the immediate appeal provided for in the FAA
> would do well to follow it.

585 F.3d at 1385. Although "an approach that looks exclusively to the caption of a motion may seem tempting," *Conrad* observed, "it would be unworkable" because it "would violate the spirit of notice pleading embodied in our Federal Rules of Civil Procedure" and "create incentives for litigants to 'game' the captions of their motions in an effort to gain an interlocutory appeal where none is warranted." *Id*. The court therefore articulated a second step in determining appellate jurisdiction:

> If a motion denied by the district court is
> not explicitly styled as a motion under the
> FAA, or the court suspects that the motion has
> been mis-captioned in an attempt to take
> advantage of § 16(a), the court must look
> beyond the caption to the essential attributes
> of the motion itself. The goal of this inquiry
> is to determine whether it is plainly apparent
> from the four corners of the motion that the
> movant seeks only the relief provided for in
> the FAA, rather than any other judicially-
> provided remedy.

*Id.* (citation omitted). The Tenth Circuit concluded that, "[i]f the essence of the movant's request is that the issues presented be decided exclusively by an arbitrator and not by any court, then the denial of that motion may be appealed under § 16(a)." *Id.* at 1386. "If, on the other hand, the movant in the district court requests a judicial remedy that is inconsistent with the position that the issues" in the litigation "may be decided only by the arbitrator, the movant is no

longer proceeding exclusively under the FAA and has forfeited their right to interlocutory review under § 16(a)." *Id.*

We find this analysis persuasive in the context of an interlocutory appeal from the denial of a motion to stay proceedings pending arbitration, purportedly brought under § 3. Under the test articulated in *Conrad*, the Wyoming Doctors' motion does not meet the criteria to invoke our jurisdiction under § 16(a). Although the Wyoming Doctors styled their motion as one brought under § 3, thereby satisfying step one of the *Conrad* analysis, the Wyoming Doctors' motion fails at step two—the motion appears to have been mis-captioned in an attempt to take advantage of § 16(a). *See id.* at 1385.

The Wyoming Doctors repeatedly made clear they do *not* seek to compel Western Security to arbitrate any claims it has brought against them in the district court. *See, e.g.*, District Court Dkt. No. 18 at 30 ("Memo") ("[Western Security] will not be bound to the arbitrator's decision . . . ."); 9th Cir. Dkt. No. 12 ("Opp.") at 1 ("[C]ompelling [Western Security] to arbitration is superfluous . . . ."), and Opp. at 15 ("[Western Security] can join the arbitration if it so chooses . . . ."). Although the Wyoming Doctors argued, under principles of state contract law, that Western Security is bound by the arbitration agreement between the Wyoming Doctors and Meridian, an issue we do not decide, they clarified that these arguments were meant to illustrate "how they could be irreparably harmed absent a stay because issue preclusion/collateral estoppel could lead to conflicting results" in the arbitration and litigation and that they "are intent on resolving the common issues *first* in arbitration." Opp. at. 14, 15 (emphasis added). In so doing, the Wyoming

Doctors made clear that they ultimately seek a judicial remedy from the district court after completion of the separate arbitration, rather than an exclusive remedy against Western Security through arbitration. *See Conrad*, 585 F.3d at 1385; Memo at 10 ("[Western Security] should now wait a few months for the arbitration between [the Wyoming Doctors] and Meridian to be resolved before its loan obligations are fully satisfied."); *see also IDS Life Ins. v. SunAmerica, Inc.*, 103 F.3d 524, 529 (7th Cir. 1996) ("The only purpose that we can ascribe to the word 'issue' in section 3 is to enable litigation to be stayed pending arbitration even if only one of the issues in the litigation is subject to an agreement to arbitrate. The [FAA] has no application to 'issues' in cases between different parties."). Because the essence of the Wyoming Doctors' stay motion was not for relief under the FAA, no § 16(a) appellate jurisdiction exists over the denial of that motion. We lack jurisdiction to review, on an interlocutory basis, an ordinary exercise of discretion to deny a stay.

The appeal is therefore dismissed for lack of jurisdiction.

**DISMISSED.**