**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| KUM TAT LIMITED, *Plaintiff-Appellant*, | No. 14-17472 |
| v. | D.C. No. 3:14-cv-02857-WHO |
| LINDEN OX PASTURE, LLC, *Defendant-Appellee.* | OPINION |

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick, III, District Judge, Presiding

Argued and Submitted December 15, 2016
San Francisco, California

Filed January 13, 2017

Before: Carlos F. Lucero,[*] Susan P. Graber,
and Andrew D. Hurwitz, Circuit Judges.

Opinion by Judge Hurwitz

---

[*] The Honorable Carlos F. Lucero, Circuit Judge, United States Court of Appeals for the Tenth Circuit, sitting by designation.

# SUMMARY**

## Jurisdiction / Arbitration

The panel dismissed for lack of jurisdiction an interlocutory appeal from the district court's order denying Kum Tat Limited's motion to compel arbitration of a claim against Linden Ox Pasture, LLC, where the arbitration motion relied only on state law and was not filed pursuant to the Federal Arbitration Act.

The Federal Arbitration Act authorizes interlocutory appeals from the orders described in 9 U.S.C. § 16(a)(1). The panel held that the district court order denying the motion to compel arbitration was not an order from which § 16(a)(1) permitted an interlocutory appeal because the arbitration motion urged application only of California arbitration law and contained no citation to the Federal Arbitration Act.

The panel declined to treat the appeal as a petition for a writ of mandamus given that mandamus is warranted only if, among other requirements, a district court order was clearly erroneous. The panel held that the district court did not clearly err in reserving for itself the question of whether the parties agreed to arbitrate. The panel also held that the district court did not clearly err in concluding that the parties did not form a contract.

---

** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Charles Michael Schaible (argued) and Patrick P. Gunn, Cooley LLP, San Francisco, California, for Plaintiff-Appellant.

Jeffrey L. Fillerup (argued), Rincon Law LLP, San Francisco, California, for Defendant-Appellee.

**OPINION**

HURWITZ, Circuit Judge:

Kum Tat Limited ("Kum Tat") moved to compel arbitration of a claim against Linden Ox Pasture, LLC ("Linden Ox"), in connection with an attempted purchase of a California residence. The arbitration motion relied only on state law, and Kum Tat later emphasized that the motion was not filed pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1–16. The district court denied the motion, and Kum Tat filed this interlocutory appeal, invoking appellate jurisdiction under the FAA. We dismiss the appeal for lack of jurisdiction.

**BACKGROUND**

**A.  Contract negotiations**

In May 2014, Kum Tat, a Chinese corporation, offered to buy a residential property from Linden Ox, a Florida limited liability corporation, for $38 million. The offer included all "furniture," "art work," and "decorative items," and required Linden Ox to submit an "[e]xclusion list of any personal items" within five days of acceptance. The offer provided that any disputes "arising out of this Contract"

would be arbitrated and that the parties "MAY BE COMPELLED TO ARBITRATE UNDER THE AUTHORITY OF THE CALIFORNIA CODE OF CIVIL PROCEDURE."

Linden Ox initialed the arbitration clause in the offer, but counter-offered to sell for $43 million. The counter-offer included "furniture" but excluded certain artwork and other items, and it provided that Linden Ox would send "a specific exclusion list" within seven days of acceptance of the counter-offer for Kum Tat to "approve."

Kum Tat then counter-offered at $41 million; the counter-offer included "furniture" and "decorative items" but excluded certain artwork. The counter-offer stated that Kum Tat had to "review and approve" Linden Ox's inclusion and exclusion lists in order to "Fully Ratify" the contract:

> Seller to provide a specific exclusion and inclusion lists the same day signing Counter Offer No. Two (2) as the Record, and Buyer to review and approve in order to Fully Ratify this Purchase Contract.

Linden Ox signed this counter-offer in the space marked "Acceptance" and sent Kum Tat detailed inclusion and exclusion lists.

Several days later, Kum Tat notified Linden Ox that it "disapproved the exclusion list" and was "requesting a small reduction" in price. That evening, Kum Tat notified Linden Ox that it "accepts" the exclusion list and that the contract would be "fully ratified" upon Linden Ox's acceptance of a price reduction:

> Buyers accepts seller's exclusion list delivered on 5/30/2014, with a purchase price reduction of $500,000.00 – total purchase price to be $40,500,000.00. Contract to be fully ratified by acceptance of this addendum.

Linden Ox did not accept the addendum. Rather, on the next day, Linden Ox rejected the price reduction and terminated negotiations. It later agreed to sell the property to a third party.

## B. Litigation

Kum Tat sued Linden Ox in California state court, claiming breach of contract and recording a lis pendens on the property. Asserting diversity, Linden Ox removed the suit to the Northern District of California and moved to expunge the lis pendens. The district court granted the motion.

Kum Tat then moved "for an order compelling arbitration and staying this action" pursuant to California "Code of Civil Procedure sections 1281.2 and 1281.4." Kum Tat's motion did not cite the FAA, instead arguing that "California law governs this motion" and that, "under California law, this dispute must be arbitrated." The district court denied the motion, finding that the parties had not entered a binding agreement to arbitrate.

Kum Tat filed a notice of appeal and sought a stay pending appeal. Kum Tat's stay motion, in attempting to distinguish an unfavorable Ninth Circuit case interpreting

the FAA, emphasized that Kum Tat's motion to compel arbitration was made under state law only.[1]

Kum Tat's opening brief in this court cited 9 U.S.C. § 16(a)(1) as the source of appellate jurisdiction. Although Linden Ox's answering brief did not contest jurisdiction, we requested supplemental briefing on the applicability of § 16(a)(1), in view of our independent obligation to ensure jurisdiction. *See WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1135 (9th Cir. 1997) (en banc) (holding that we must consider our jurisdiction). Kum Tat's supplemental brief maintains that § 16(a)(1) authorizes this interlocutory appeal and, alternatively, asks us to construe the appeal as a petition for a writ of mandamus.

## DISCUSSION

### A.  9 U.S.C. § 16(a)(1)

Although our appellate jurisdiction is generally limited to "final decisions" of district courts, 28 U.S.C. § 1291, the FAA authorizes interlocutory appeals from the orders described in 9 U.S.C. § 16(a)(1). *See Arthur Andersen LLP*

---

[1] The case in question was *Britton v. Co-op Banking Group*, 916 F.2d 1405 (9th Cir. 1990). Kum Tat stated:

> *Britton* was decided pursuant to §§ 15(a)(1)(A) and (B) of the Federal Arbitration Act, and concerned a motion to compel arbitration made pursuant to § 4 of the Federal Arbitration Act. In contrast, Kum Tat's motion to compel arbitration was made pursuant to section 1281.2 of the [California] Code of Civil Procedure . . . .

The district court denied a stay pending appeal, but this court granted a stay.

*v. Carlisle*, 556 U.S. 624, 627–28 (2009).  FAA appellate jurisdiction extends to orders "refusing a stay of any action under section 3 of this title," § 16(a)(1)(A), and orders "denying a petition under section 4 of this title to order arbitration to proceed," § 16(a)(1)(B).  We interpret this statute "according to its ordinary meaning" and "do not add to the jurisdictional provisions set forth by Congress."  *Van Dusen v. Swift Transp. Co.*, 830 F.3d 893, 897 (9th Cir. 2016).

Kum Tat's motion to compel arbitration and stay litigation was neither "under section 3" nor "under section 4" of the FAA.  The motion expressly urged application only of California arbitration law and contained no citation to the FAA.  Significantly, Kum Tat later emphasized that the motion was not made under the FAA.[2]  Thus, we hold that the order denying the motion was not an order from which § 16(a)(1) permits an interlocutory appeal.

Our sister circuits have reached similar conclusions.  The Third Circuit has held that § 16(a) does not permit appellate "review of a non-FAA, state-law arbitration claim in an otherwise nonappealable interlocutory order."  *Palcko v. Airborne Express, Inc.*, 372 F.3d 588, 594 (3d Cir. 2004).  The Seventh Circuit has held that § 16(a) does not apply "to a motion to stay litigation when state rather than federal law is the source of the obligation to arbitrate."  *Sherwood v. Marquette Transp. Co.*, 587 F.3d 841, 843 (7th Cir. 2009).  And the Tenth Circuit has held that § 16(a) is not "an avenue for interlocutory appeal of a motion to confirm brought

---

[2] We therefore need not decide today whether a more ambiguous arbitration motion—for example, one that cites neither state nor federal arbitration law—is "under" the FAA.

under one of any fifty state laws." *KCOM, Inc. v. Emp'rs Mut. Cas. Co.*, 829 F.3d 1192, 1197–98 (10th Cir. 2016).

Kum Tat argues that its state-law motion is appealable under § 16(a)(1) because the "essence" of the motion was a request for arbitration. But the cases cited by Kum Tat are inapposite. In *Western Security Bank v. Schneider Ltd. Partnership*, the question was whether a stay motion that did "not seek to compel a party to arbitrate" was brought under the FAA. 816 F.3d 587, 588–89 (9th Cir. 2016) (order). We said no and dismissed for lack of jurisdiction. *Id.* at 590. Similarly, in *Conrad v. Phone Directories Co.*, the question was whether a "generic motion to dismiss under Rule 12" was brought under the FAA. 585 F.3d 1376, 1379–81 (10th Cir. 2009). The Tenth Circuit said no and dismissed for lack of jurisdiction. *Id.* at 1386. In both cases, the movant did not seek the remedy provided by the FAA: arbitration. This case is different. There is no question that Kum Tat sought arbitration, but it did not invoke—and indeed disclaimed— the FAA as the source of that remedy.

Allowing an appeal from the denial of a state-law arbitration motion might well comport with "the FAA's policy favoring arbitration agreements." *Green Tree Fin. Corp.–Ala. v. Randolph*, 531 U.S. 79, 85–86 (2000). But Congress chose to authorize interlocutory review only of denials of arbitration motions brought "under" the FAA, and we cannot "invoke the policy of the FAA to expand the scope of appellate jurisdiction in § 16." *Van Dusen*, 830 F.3d at 898. Of course, as "the master of its motion," a litigant may simply request arbitration under the FAA, rendering appellate jurisdiction over an adverse decision "crystal clear." *KCOM*, 829 F.3d at 1196–97.

Kum Tat also argues that, though it chose to seek arbitration under state law, it would have been entitled to

arbitration under the FAA had it so claimed.  But our jurisdiction turns on whether Kum Tat "invoked" the FAA, *see Arthur Andersen*, 556 U.S. at 629, not whether it theoretically could have.  Kum Tat "cannot now morph a motion brought under [state law] into one brought under the FAA." *KCOM*, 829 F.3d at 1197.[3]

## B. Mandamus

Kum Tat alternatively requests that we construe its appeal as a petition for a writ of mandamus.  Our discretionary decision to do so "depends on whether mandamus is itself justified." *Stanley v. Chappell*, 764 F.3d 990, 996 (9th Cir. 2014) (quoting *Hernandez v. Tanninen*, 604 F.3d 1095, 1099 (9th Cir. 2010)).  And, mandamus is warranted only if, among other requirements, a district court order is clearly erroneous. *Id.*

The district court did not clearly err in reserving for itself the question whether the parties agreed to arbitrate. Although challenges to the validity of a contract with an arbitration clause are to be decided by the arbitrator, *see Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 444–46 & n.1 (2006), challenges to the very existence of the contract are, in general, properly directed to the court, *see*

---

[3] The parties dispute whether the FAA could govern any motion to compel because the arbitration clause at issue cites California law.  The parties also dispute whether the underlying transaction involves interstate commerce for FAA purposes.  *See Saneii v. Robards*, 289 F. Supp. 2d 855, 860 (W.D. Ky. 2003) (concluding that "a residential real estate sales contract does not evidence or involve interstate commerce").  Had Kum Tat moved for arbitration under the FAA, the district court could have addressed these issues.  We decline to adopt a rule that would allow a party to avoid a decision on such issues in the district court by moving for arbitration solely under state law, yet require us to confront them in the first instance on appeal.

*Sanford v. MemberWorks, Inc.*, 483 F.3d 956, 962 (9th Cir. 2007); *Three Valleys Mun. Water Dist. v. E.F. Hutton & Co.*, 925 F.2d 1136, 1140–41 (9th Cir. 1991). Linden Ox's argument that there was "no contract" was a challenge to the existence of a contract.

Nor did the district court clearly err in concluding the parties did not form a contract. "Contract formation requires mutual consent, which cannot exist unless the parties 'agree upon the same thing in the same sense.'" *Bustamante v. Intuit, Inc.*, 45 Cal. Rptr. 3d 692, 698 (Ct. App. 2006) (quoting Cal. Civ. Code § 1580). The district court did not clearly err in interpreting Kum Tat's "review and approve" clause in its counter-offer and its subsequent request for a $500,000 price reduction as showing an absence of mutual consent, rather than as an application of an inspection contingency clause in Kum Tat's initial offer. We therefore decline to treat its appeal as a petition for a writ of mandamus. *Stanley*, 764 F.3d at 996.[4]

**APPEAL DISMISSED.**

---

[4] Kum Tat also appealed the district court's order expunging the lis pendens and asks us either to exercise pendent appellate jurisdiction or to treat that appeal as a petition for mandamus. We cannot exercise pendent jurisdiction in the absence of other appellate jurisdiction, and mandamus is not justified for the lis pendens order in the absence of clear error in the district court's finding that no contract was formed.