# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-1516

_____

Yasmin Varela, individually and on behalf of all others similarly situated

*Plaintiff - Appellee*

v.

State Farm Mutual Automobile Insurance Company

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: October 18, 2023
Filed: April 10, 2024

_____

Before BENTON, SHEPHERD, and KELLY, Circuit Judges.

_____

KELLY, Circuit Judge.

Yasmin Varela filed a putative class action lawsuit against State Farm Mutual Automobile Insurance Company (State Farm), raising several claims including a violation of the Minnesota Consumer Fraud Act (MCFA). Minn. Stat. § 325F.69 (2022). State Farm filed a motion to dismiss, which the district court[1] granted in part

---

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

and denied in part. State Farm appeals. Varela moves to dismiss this interlocutory appeal for lack of jurisdiction. We grant the motion to dismiss the appeal.

I.

As alleged in the complaint, in January 2021, Varela was in a car accident that totaled her car. Her automobile insurance policy with State Farm (the Policy) entitled her to the "actual cash value" of her car, less any applicable deductible. The Policy is one that "State Farm unilaterally drafted and issued to insureds in the state of Minnesota." Under Minnesota law, when calculating "actual cash value," State Farm was required to compare her car to similar "automobile[s], adjusted for mileage, condition, and options, in the local market area of the insured, if such . . . automobile[s] are available in that area." Minn. Stat. § 72A.201, subd. 6(b)(i) (2022).

To complete its valuation of Varela's car, State Farm used a third-party vendor. The vendor's software first identified the price of comparable vehicles, and then accounted for differences in "equipment, mileage, and vehicle configuration." Varela alleges, however, that after the vendor's software completed those two steps, State Farm then improperly adjusted the value of each comparable vehicle downward based on a "typical negotiation" deduction—a term the Policy neither defines nor mentions. According to Varela, this deduction, which purports to "reflect the amount for which the car dealer will actually sell the vehicle," is arbitrary, does not reflect market realities, and is not authorized by Minnesota law. And by applying the undefined "typical negotiation" deduction, which Varela also alleges was hidden in the back of the valuation report and not readily apparent to the policy holder, State Farm reduced the "internet price" of the comparable vehicles by 8–9%. Because State Farm failed to explain why it departed from Minnesota's procedure for determining "actual cash value" in this way, Varela alleges it also "violated the minimum requirements of Minnesota's total loss regulation." See Minn. Stat. § 72A.201, subd. 6(b)(i), (iii).

Varela sued State Farm, on behalf of herself and "all other similarly situated insureds in Minnesota," alleging breach of contract, breach of the covenant of good faith and fair dealing, and unjust enrichment. She also brought a claim alleging that State Farm "engaged in one or more unfair or deceptive business practices" in violation of the MCFA. See Minn. Stat. § 325F.69, subd. 1. State Farm moved to dismiss the complaint in its entirety. It argued that Varela's claims were subject to mandatory, binding arbitration. State Farm explained that the Policy mandated arbitration in compliance with Minnesota's No-Fault Automobile Insurance Act (No-Fault Act), which requires "binding arbitration of all cases at issue where the claim at the commencement of arbitration is in an amount of $10,000 or less against any insured's reparation obligor for no-fault benefits or comprehensive or collision damage coverage." Minn. Stat. § 65B.525 subd. 1 (2022). State Farm argued that, as a result, "the mandatory arbitration provision of the No-Fault Act deprive[d] [the district court] of subject matter jurisdiction" over all of Varela's claims, including her MCFA claim. Thus, it moved to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). State Farm also contended that Varela's claims were time-barred or otherwise subject to dismissal for failure to state a claim under Rule 12(b)(6).

The district court granted State Farm's motion in part and denied it in part. The district court agreed with State Farm that Varela's claims for breach of contract, breach of the covenant of good faith and fair dealing, and unjust enrichment fell squarely within the No-Fault Act's mandatory arbitration provision, and granted the motion as to these claims. But the district court found that Varela's MCFA claim did not seek the type of relief—comprehensive or collision damage coverage—addressed by the No-Fault Act. Instead, the claim was based in fraud, and the No-Fault Act and its concomitant arbitration mandate did not apply. The court also determined that the MCFA claim was neither time-barred nor improperly pleaded, and denied State Farm's motion to dismiss as to this claim.

State Farm appeals, arguing Varela's MCFA claim was subject to mandatory arbitration and should have been dismissed along with the other claims. Varela filed a motion to dismiss, asserting we lack jurisdiction over this interlocutory appeal.

## II.

We begin with our jurisdiction. Webb v. Farmers of N. Am., Inc., 925 F.3d 966, 968 (8th Cir. 2019) ("Subject matter jurisdiction is a prerequisite for every appeal."). State Farm asserts that we have it, because "the Federal Arbitration Act ("FAA") gives us jurisdiction to review the denial of [] motions to compel arbitration." Donelson v. Ameriprise Fin. Servs., 999 F.3d 1080, 1086 (8th Cir. 2021); see id. at 1086–87 (finding jurisdiction where defendants "invoked § 4 of the FAA in their motions to strike the class-action allegations and to compel arbitration," and the district court denied their motions). According to State Farm, because the FAA allows for an immediate appeal of an "order[] . . . denying a petition . . . to order arbitration to proceed," 9 U.S.C. § 16(a)(1)(B), we have jurisdiction over this interlocutory appeal.

At the district court, State Farm did not file a motion to compel arbitration. And it did not rely on the FAA when seeking dismissal of Varela's MCFA claim. Nevertheless, on appeal, State Farm characterizes the district court's order on its motion to dismiss as equivalent to one denying a motion to compel arbitration, which, if true, would bring it into our limited jurisdiction over interlocutory appeals. See Reid v. Doe Run Res. Corp., 701 F.3d 840, 844 (8th Cir. 2012).

We look to the substance of the district court's order to determine our jurisdiction over an interlocutory appeal of a non-final judgment. Meierhenry Sargent LLP v. Williams, 915 F.3d 507, 509 (8th Cir. 2019). The district court analyzed State Farm's motion as a matter of Minnesota law, noting that the Policy incorporated the No-Fault Act, which requires parties to arbitrate certain types of

claims.[2] The No-Fault Act mandates arbitration for all disputed insurance claims valued at or below $10,000. <u>See</u> Minn. R. No-Fault Arb. 6 (2022) ("*By statute*, mandatory arbitration applies to all claims for no-fault benefits or comprehensive or collision damage coverage where the total amount of the claim, at the commencement of arbitration, is in an amount of $10,000 or less." (emphasis added)). The Policy provides notice of this statutory duty, stating: "When the amount of the claim is $10,000 or less, any dispute in the amount owed must be decided by arbitration conducted in accordance with the Rules Of Procedure For No-Fault Arbitration of the ***No-Fault Act***." (emphasis in original).

To rule on State Farm's motion to dismiss, the district court was not called upon to interpret a bargained-for arbitration provision. Rather, the district court looked to Minnesota law to determine whether the No-Fault Act, as cited in the Policy, applied to Varela's MCFA claim alleging fraudulent misconduct. The court then concluded that the MCFA claim did not fall within the scope of Minnesota's No-Fault Act—a conclusion that turned entirely on a question of state law. And the Policy otherwise contained no arbitration provision for the district court to "compel." <u>See</u> Minn. R. No-Fault Arb. 10 advisory committee's cmt. (2015) ("[Minnesota's m]andatory no-fault arbitration is different from voluntary arbitration governed by the Uniform Arbitration Act.")); <u>see also</u> <u>Alpine Glass, Inc. v. Ill. Farmers Ins. Co.</u>, 531 F.3d 679, 683 (8th Cir. 2008) (exploring Minnesota's no-fault arbitration scheme and noting that "the district court could not have entered a final judgment in light of its mandatory obligation under Minnesota law to review the arbitrator's legal conclusions *de novo*").

---

[2]The No-Fault Act delegates authority to the Minnesota Supreme Court to promulgate rules governing no-fault arbitration. Minn. No-Fault Act § 65B.525 subd. 1 ("The supreme court and the several courts of general trial jurisdiction of this state shall by rules of court or other constitutionally allowable device, provide for the mandatory submission to binding arbitration of all cases at issue where the claim at the commencement of arbitration is in an amount of $ 10,000 or less."); <u>see also</u> <u>Ill. Farmers Ins. Co. v. Glass Serv. Co.</u>, 683 N.W.2d 792, 801 (Minn. 2004).

The FAA grants this court jurisdiction over a limited set of interlocutory orders. See Reid, 701 F.3d at 844; see also Morgan v. Sundance, Inc., 596 U.S. 411, 412 (2022) ("The federal policy is about treating arbitration contracts like all others, not about fostering arbitration."). State Farm did not invoke the FAA in its motion to dismiss. See Kum Tat Ltd. v. Linden Ox Pasture, LLC, 845 F.3d 979, 983 (9th Cir. 2017) (noting that a litigant is "the master of its motion" and can seek to compel arbitration by invoking the FAA (citation omitted)). Instead, State Farm affirmatively argued that Minnesota law mandated dismissal of Varela's MCFA claim. The district court disagreed. Under these circumstances, State Farm has failed to establish our jurisdiction over this interlocutory appeal.[3]

We dismiss this appeal for lack of jurisdiction.

_____

---

[3]We are in accord with our sister circuits that have addressed analogous situations. See Kum Tat Ltd., 845 F.3d at 982 (holding that a motion to compel arbitration that "expressly urged application only of California arbitration law and contained no citation to the FAA" was not a motion to compel under the FAA, and denial of the motion "was not an order from which § 16(a)(1) permits an interlocutory appeal"); Sherwood v. Marquette Transp. Co., 587 F.3d 841, 843 (7th Cir. 2009) (holding that the FAA does not "appl[y] to a motion to stay litigation when state rather than federal law is the source of the obligation to arbitrate").