NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 26 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

STERLING AND WILSON SOLAR
SOLUTIONS, INC., a Delaware corporation,

Plaintiff-Appellee,

v.

FIDELITY AND DEPOSIT COMPANY OF
MARYLAND, an Illinois insurance
company; ZURICH AMERICAN
INSURANCE COMPANY, an Illinois
insurance company,

Defendants-Appellees,

v.

CONTI LLC, Proposed Intervenor,

Movant-Appellant.

No.    23-35558

D.C. No. 1:22-cv-03076-SAB

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of Washington
Stanley A. Bastian, Chief District Judge, Presiding

Argued and Submitted August 19, 2024
Seattle, Washington

Before: HAWKINS, McKEOWN, and DE ALBA, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Proposed Intervenor-Appellant Conti LLC ("Conti") appeals the district court's denial of its motion to intervene and stay in Plaintiff-Appellee Sterling and Wilson Solar Solutions, Inc.'s ("Sterling") suit against Fidelity and Deposit Company of Maryland and Zurich American Insurance Company, the sureties that secured Conti's performance of a construction contract with Sterling. Appellate jurisdiction over the district court's denial of Conti's motion to stay must be found under Section 16 of the FAA, if at all; otherwise, the denial of a discretionary stay is not an appealable order.[1] *See* 9 U.S.C. § 16(a)(1)(A); *Blair v. Rent-A-Center, Inc.*, 928 F.3d 819, 832 (9th Cir. 2019). Because Conti's argument for appellate jurisdiction is foreclosed by *Western Security Bank v. Schneider Ltd. Partnership*, 816 F.3d 587 (9th Cir. 2016), we dismiss for lack of jurisdiction.

Where "the movant seeks only the relief provided by the FAA, rather than any other judicially-provided remedy," appellate jurisdiction is available under Section 16 of the FAA, but where "the movant in the district court requests a judicial remedy that is inconsistent with the position that the issues . . . may be decided only by the arbitrator, the movant is no longer proceeding exclusively under the FAA and has forfeited their right to interlocutory review under § 16(a)." *Id.* at 590 (quoting *Conrad v. Phone Directories Co.*, 585 F.3d 1376, 1385–86 (10th Cir. 2009)). In

---

[1] As Conti clarified at oral argument, it does not seek appellate jurisdiction over the district court's denial of its motion to intervene in isolation from its motion to stay, because it only moved to intervene to seek a stay.

*Schneider*, the movant did not seek to arbitrate any claims in the federal court action and instead was only "intent on resolving the common issues" between the arbitration and the litigation "*first* in the arbitration." *Id.* (internal quotation marks omitted). Accordingly, we held that the stay motion "was not for relief under the FAA," and "no § 16(a) appellate jurisdiction exists over the denial of that motion." *Id.*

So too here. Conti did not seek to compel Sterling and the sureties to arbitrate any claims they are currently litigating in the district court. Conti concedes, in fact, that pursuant to the bond and Washington law, Sterling and the sureties are not required to arbitrate those claims. As in *Schneider*, Conti is not seeking relief under the FAA but rather a discretionary stay while it continues its ongoing arbitration against Sterling. "In so doing, [Conti] made clear that [it] ultimately s[ought] a judicial remedy from the district court after completion of the separate arbitration, rather than an exclusive remedy . . . through arbitration." *Id.* As both parties acknowledged at argument, the arbitration is scheduled to take place before trial in the district court—effectively the relief Conti sought through its stay motion in the first place. In dismissing this appeal, we expect the parties to adhere to this ordering of proceedings.

**APPEAL DISMISSED FOR LACK OF JURISDICTION.**