NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

DUSTIN KAATZ, *Plaintiff/Appellee*,

*v.*

RAINGUARD BRANDS, LLC, *Defendant/Appellant*.

No. 1 CA-CV 24-0286
FILED 01-16-2025

Appeal from the Superior Court in Maricopa County
No. CV2023-053274
The Honorable Joan M. Sinclair, Judge

**JURISDICTION ACCEPTED; RELIEF DENIED**

COUNSEL

Buchalter, A Professional Corporation, Scottsdale
By Chris M. Mason, Stephen Best
*Counsel for Plaintiff/Appellee*


Wilson, Elser, Moskowitz, Edelman & Dicker LLP, Phoenix
By Taylor H. Allin, Brian E. Cieniawski
*Counsel for Defendant/Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Michael J. Brown delivered the decision of the Court, in which Judge D. Steven Williams and Judge Daniel J. Kiley joined.

---

**B R O W N,** Judge:

¶1 Rainguard Brands, LLC ("Rainguard") appeals the superior court's order denying its motion to compel arbitration of legal claims asserted by Dustin Kaatz, a former employee of Rainguard. Because the order is not appealable, in our discretion, we accept special action jurisdiction but deny relief.

## BACKGROUND

¶2 Rainguard hired Kaatz in May 2021, and he later signed the last page of the employee handbook, titled in part "Acknowledgment." The handbook includes a "Purpose" section outlining the intent of the document in part as follows:

> This handbook does not constitute an "employment contract" between the Company and any employee. This handbook is intended to provide employees with a guide to the Company's policies, procedures, working conditions, benefits, etc. That being said, the Company can add, change or delete any policies, procedures and benefits as it deems appropriate without the consent or agreement of any employee.

¶3 A dispute resolution section, titled "Binding Arbitration," is located at the end of the 46-page handbook and includes the following:

> All claims and disputes arising from or related to an employee's employment with the Company shall be settled by final, binding arbitration before a single arbitrator. The claims subject to arbitration include: a. the application, enforceability, or interpretation of this arbitration agreement . . . and b. claims based on contract, tort (including intentional tort), fraud, agency, negligence, statutory provisions, regulatory provisions, and equity.

2

….

>The validity, enforceability and interpretation of this arbitration agreement is governed by the Federal Arbitration Act (9 U.S.C. §§ 1, et seq.).

The Acknowledgment, located immediately after the arbitration provision, states that "[b]y signing below, … [employees] accept and agree to be bound by the Company policies set forth in this handbook." But the Acknowledgment also states that except for an employee's "at-will employment status, any and all policies or practices of [Rainguard] can be changed at any time by the Company." Kaatz does not dispute that he received the handbook and signed the Acknowledgment.

¶4             Two years later, Kaatz sued Rainguard, alleging ten contractual and tort claims arising from the breakdown of the parties' relationship. Rainguard moved to compel arbitration. Following oral argument and submission of supplemental briefing, the superior court denied the motion. Relying in part on *Nelson v. Cyprus Bagdad Copper Corp.*, 119 F.3d 756 (9th Cir. 1997) and *Kummetz v. Tech Mold, Inc.*, 152 F.3d 1153 (9th Cir. 1998), the court explained that the Acknowledgment does not specifically refer to the arbitration provision, and both the handbook and the Acknowledgment state that "no contract is being made here between the parties." After noting Rainguard's failure to distinguish the present case from *Nelson* and *Kummetz*, the court next pointed to Rainguard's express right to "add, change or delete any policies, procedures and benefits . . . without the consent or agreement of any employee." The court concluded that "the documents here do not, by a preponderance of the evidence, demonstrate that [Kaatz] agreed to arbitrate [the parties'] disputes." Rainguard then filed a notice of appeal.

## DISCUSSION

### I.     Jurisdiction

¶5             Rainguard asserts that this court has appellate jurisdiction under A.R.S. § 12-2101.01(A)(1), as an appeal of an order denying a motion to compel arbitration. In response, Kaatz argues jurisdiction is lacking because the motion arises from the Federal Arbitration Act ("FAA") instead of Arizona's arbitration statutes. Rainguard, in turn, suggests that this court has jurisdiction because Rainguard cited both Arizona and federal statutes in the motion to compel. However, Arizona's versions of the Uniform Arbitration Act and the Revised Uniform Arbitration Act "do not

apply to arbitration agreements . . . between an employer and its employee." *See Sec. Alarm Fin. Enter., L.P. v. Fuller*, 242 Ariz. 512, 515, ¶ 5 (App. 2017). Thus, we lack appellate jurisdiction over Rainguard's appeal.

**¶6** Even so, both parties acknowledge that this court may, in its discretion, exercise special action jurisdiction. *See Sec. Alarm Fin. Enter.*, 242 Ariz. at 515, ¶¶ 6–8; *Mayes v. Tom's Camperland, Inc.*, 2023 WL 4888979, 1 CA-CV 22-0753, at *2, ¶ 9 (Ariz. App. Aug. 1, 2023) (mem. decision); Ariz. R. P. Spec. Act. 11(e). Special action jurisdiction is proper when a party has no "equally plain, speedy, and adequate" remedy by appeal and when the case involves "questions of first impression, statewide importance, or pure questions of law. Ariz. R. P. Spec. Act. 12(a)–(b); *State ex rel. Pennartz v. Olcavage*, 200 Ariz. 582, 585, ¶ 8 (App. 2001). In our discretion, we accept special action jurisdiction.

## II. Issues Presented for Review

**¶7** Rainguard argues the arbitration provision binds Kaatz and is enforceable against him given that the relationship between them is governed by the handbook, and that Rainguard itself was ostensibly bound by the arbitration provision.[1] Kaatz contends the arbitration provision is not binding because (1) the Acknowledgment does not specifically reference the arbitration provision, and (2) the handbook and Acknowledgment amount to an illusory contract because the handbook states that all company policies can be changed at any time by Rainguard.

**¶8** We recognize that both Arizona and federal law favor arbitration. *See, e.g.*, *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 631 (1985); *U.S. Insulation, Inc. v. Hilro Constr. Co., Inc.*, 146 Ariz. 250, 258 (App. 1985). But those policies are relevant only if a valid agreement to arbitrate exists between the parties. *See Kum Tat Ltd. v. Linden Ox Pasture, LLC*, 845 F.3d 979, 983 (9th Cir. 2017); *Gray v. GC Servs. LP*, 256 Ariz. 480, 484, ¶ 10 (App. 2023). Rainguard bears the burden of proving such an agreement by the preponderance of the evidence. *See Beck v. Neville*, 256 Ariz. 415, 423, ¶ 27 (2024). We review the denial of a motion to compel

---

[1] Rainguard's position is undermined by its decision to submit only a few pages of the lengthy handbook to the superior court. For example, the table of contents notes a section titled "Right to Revise." Because that section is not included in the record, we presume it supports the superior court's determination that the parties did not agree to arbitrate their disputes.

arbitration de novo. *Sun Valley Ranch 308 Ltd. P'ship ex rel. Englewood Props., Inc. v. Robson*, 231 Ariz. 287, 291, ¶ 9 (App. 2012).

### A.      Knowing Waiver Doctrine

**¶9**          On appeal, Kaatz cites the same two cases that the superior court relied on in denying Rainguard's motion to compel based on the absence of a knowing waiver of judicial remedies. *See Nelson*, 119 F.3d at 761 (holding that claims asserted under the Americans with Disabilities Act are analogous to claims asserted under Title VII and require knowing waiver of judicial remedies); *Kummetz*, 152 F.3d at 1155 (recognizing that an employee does not knowingly waive his right to a judicial determination of discrimination claims when the employee handbook acknowledgment page does not explicitly reference an arbitration provision). At oral argument in this court, Kaatz conceded that the knowing waiver principle is not relevant to this dispute and asserted that *Kummetz* and *Nelson* were cited to support his argument about the lack of mutual assent. Because knowing waiver "applies only to a comparatively small class of claims arising under Title VII or similar laws," *Renteria v. Prudential Ins. Co.*, 113 F.3d 1104, 1107 (9th Cir. 1997), we agree that Rainguard was not required to show that Kaatz knowingly waived his judicial remedies. Instead, the pertinent issue here is whether the parties agreed that any dispute arising from their employment relationship would be decided by through arbitration.

### B.      Absence of Mutual Assent

**¶10**          Under the FAA, a written arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Analysis of a contract to arbitrate is conducted under state contract law. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). And as the superior court noted, valid contracts "must have mutuality of obligation" -- "an agreement which permits one party to withdraw at his pleasure is void" and "unenforceable for lack of mutuality." *Shattuck v. Precision-Toyota, Inc.*, 115 Ariz. 586, 588 (1977) (citation omitted).

**¶11**          Multiple jurisdictions have found that employee handbooks containing a unilateral right to modify policies or procedures are merely illusory, and thus unenforceable, contracts. *See, e.g., Carey v. 24 Hour Fitness, USA, Inc.*, 669 F.3d 202, 205–06 (5th Cir. 2012) (holding that an arbitration agreement contained in an employee handbook was illusory because it could be changed and thus retroactively impact claims in progress); *Salazar*

*v. Citadel Commc'ns. Corp.*, 90 P.3d 466, 469–70 (N.M. 2004) (explaining that an employee handbook which gave an employer a unilateral right to modify any handbook provision, with no limitations, is an illusory and unenforceable promise); *Douglas v. Johnson Real Est. Investors, LLC*, 470 Fed. Appx. 823, 826 (11th Cir. 2012) (holding that an arbitration provision was illusory given its placement in an employee handbook that could be unilaterally modified by the employer). As explained by the Fifth Circuit, "where one party to an arbitration agreement seeks to invoke arbitration to settle a dispute, if the other party can suddenly change the terms of the agreement to avoid arbitration, then the agreement was illusory from the outset," effectively allowing an employer to "hold its employees to the promise to arbitrate while reserving its own escape hatch." *Carey,* 669 F.3d at 205–06.

**¶12** Some courts have upheld arbitration provisions placed in employee handbooks, but they have done so because the employer's right to modify provisions of the handbook was subject to specific limitations. *See e.g.*, *Asmus v. Pac. Bell*, 999 P.2d 71, 79 (Cal. 2000) (holding that arbitration policy in employee handbook was not illusory because employer's right to modify was subject to reasonable notice and fairness); *In re Whataburger Rests., LLC,* 645 S.W.3d 188, 195–96 (Tex. 2022) (concluding that an arbitration policy in an employee handbook was not illusory because the employer was prohibited from making retroactive changes to the policy once a cognizable claim or dispute occurred, and had to provide notice of any alterations or amendments to the policy). In contrast, the handbook here includes no such limitations. Both the Purpose and the Acknowledgment confirm Rainguard's unqualified right to unilaterally change or eliminate every policy contained in the handbook "without the consent or agreement of any employee." Arizona contract law requires mutual assent, and Rainguard failed to make that showing. *Shattuck*, 115 Ariz. at 589 (explaining that agreeing "to do something" while reserving "the right to cancel . . . is no agreement at all").

**¶13** Rainguard references the doctrine of separability, asserting that the arbitration provision must be considered as a separate contract. *See Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 402 (1967). But Rainguard has waived its reliance on this theory because it failed to raise it in the superior court. *See Harris v. Cochise Health Sys.*, 215 Ariz. 344, 349, ¶ 17 (App. 2007). Waiver aside, if we consider the arbitration provision as a separate contract, the only question before us is whether an agreement to arbitrate *exists*. The Ninth Circuit has explained the distinction between *validity* and *existence*, holding that "[i]ssues regarding the validity or enforcement of a putative contract mandating arbitration should be

referred to an arbitrator, but challenges to the existence of a contract as a whole must be determined by the court prior to ordering arbitration." *Sanford v. MemberWorks, Inc.*, 483 F.3d 956, 962 (9th Cir. 2007). "Although challenges to the validity of a contract with an arbitration clause are to be decided by the arbitrator, *see Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 444–46 & n.1 (2006), challenges to the very existence of the contract are, in general, properly directed to the court." *Kum Tat Ltd.*, 845 F.3d at 983. The superior court did not err by implicitly concluding that Rainguard failed to meet its burden of proving the existence of an agreement to arbitrate.

### C.     Attorneys' Fees

¶14         Both parties request an award of their attorneys' fees incurred in pursuing appellate relief under A.R.S. § 12-341.01. Because Rainguard has not prevailed, we deny its request. We also deny Kaatz's request for attorneys' fees, deferring his request to the superior court's discretion pending resolution of this matter on the merits. *See Tierra Ranchos Homeowners Ass'n v. Kitchukov*, 216 Ariz. 195, 204, ¶ 37 (App. 2007).

### CONCLUSION

¶15         Because the superior court did not err in denying Rainguard's motion to compel arbitration, we accept jurisdiction but deny relief.

