**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

<table>
<tr>
<td>

MICHELLE RICHARDS, on behalf of herself and others similarly situated and on behalf of the general public,
*Plaintiff-Appellee*,

v.

ERNST & YOUNG, LLP,
*Defendant-Appellant*.

</td>
<td>

No. 11-17530

D.C. No.
5:05-cv-04867-RMW

ORDER AND AMENDED OPINION

</td>
</tr>
</table>

Appeal from the United States District Court
for the Northern District of California
Jeremy D. Fogel, District Judge, Presiding

Argued and Submitted
June 14, 2013—San Francisco, California

Filed August 21, 2013
Amended December 9, 2013

Before: Mary M. Schroeder, Kenneth F. Ripple,[*]
and Consuelo M. Callahan, Circuit Judges.

Order;
Per Curiam Opinion

---

[*] The Honorable Kenneth F. Ripple, Senior Circuit Judge for the U.S. Court of Appeals for the Seventh Circuit, sitting by designation.

## SUMMARY[**]

### Arbitration

The panel reversed the district court's denial of Ernst & Young, LLP's motion to compel arbitration of state wage and hour claims asserted by the former employee plaintiff.

The district court determined that Ernst & Young had waived its right to arbitration by failing to assert that right as a defense in an action brought by two former employees, whose action had been consolidated with that of the plaintiff. The panel reversed the district court's judgment because the plaintiff had not established any prejudice as a result of Ernst & Yong's alleged delay in asserting its arbitral rights.

### COUNSEL

Rex S. Heinke, Gregory William Knopp, and Katharine Jane Galston, Akin Gump Strauss Hauer & Feld LLP, Los Angeles, California, for Defendant-Appellant.

Max Folkenflik, Folkenflik & McGerity, New York, New York; H. Tim Hoffman, Arthur William Lazear, and Ross L. Libenson, for Plaintiffs-Appellees.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## ORDER

The opinion filed on August 21, 2013, is hereby amended for the purposes of clarification. A copy of the amended opinion will be filed concurrently with this order. As the amendments are not substantive, the Plaintiff-Appellee's Petition for Panel Rehearing and/or Rehearing En Banc is not affected and remains pending before the court.

## OPINION

PER CURIAM:

Defendant Ernst & Young, LLP appeals the district court's denial of its motion to compel arbitration of state wage and hour claims asserted by its former employee, Michelle Richards.[1] The defendant filed the motion after the Supreme Court's decision in *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740 (2011). The district court determined that Ernst & Young had waived its right to arbitration by failing to assert that right as a defense in an action brought by two other former employees, David Ho and Sarah Fernandez, whose action had been consolidated with that of Ms. Richards. Because Ms. Richards has not established any prejudice as a result of Ernst & Young's alleged delay in asserting its arbitral rights, we reverse the judgment of the district court.[2]

---

[1] The district court's jurisdiction was based on 28 U.S.C. § 1332.

[2] Our jurisdiction is based on 9 U.S.C. § 16(a)(1)(B).

"Waiver of a contractual right to arbitration is not favored," and, therefore, "any party arguing waiver of arbitration bears a heavy burden of proof." *Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 694 (9th Cir. 1986) (quotation marks omitted). Specifically, "[a] party seeking to prove waiver of a right to arbitration must demonstrate: (1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts." *Id.* "Where, as here, the concern is whether the undisputed facts of defendant's pretrial participation in the litigation satisfy the standard for waiver, the question of waiver of arbitration is one of law which we review *de novo*." *Id.* at 693.

Ms. Richards argues that she was prejudiced because there was litigation on the merits, and, as a result, some of her claims were dismissed. We cannot accept this argument. One of Ms. Richards' claims—Ernst & Young's failure to provide meal and rest breaks—was dismissed *without* prejudice, which is not a decision on the merits. *See Oscar v. Alaska Dep't of Educ. & Early Dev.*, 541 F.3d 978, 981 (9th Cir. 2008). The other claim on which the district court ruled—Ms. Richards's claim for injunctive relief—was resolved by the district court on the basis of standing: Ms. Richards, as a former employee, could not benefit from prospective relief and therefore did not have standing to assert that claim. We previously have observed that "[t]he jurisdictional question of standing precedes, and does not require, analysis of the merits." *Equity Lifestyle Props., Inc. v. Cnty. of San Luis Obispo*, 548 F.3d 1184, 1189 n.10 (9th Cir. 2008).

Ms. Richards also maintains that she was prejudiced because Ernst & Young conducted discovery that caused her to incur expenses during the years of litigation prior to the motion to compel. Ms. Richards does not contend, however, that Ernst & Young used discovery "to gain information about the other side's case that could not have been gained in arbitration." *Saint Agnes Med. Ctr. v. PacifiCare of Cal.*, 31 Cal. 4th 1187, 1204, 8 Cal. Rptr. 3d 517, 530, 82 P.3d 727, 738 (Cal. 2003) (noting that courts have found prejudice in such circumstances). Moreover, in *Fisher*, we rejected the notion that "self-inflicted" expenses could be evidence of prejudice. 791 F.2d at 698. Like the plaintiffs in *Fisher*, Ms. Richards was a "part[y] to an agreement making arbitration of disputes mandatory," and therefore "[a]ny extra expense incurred as a result of [Ms. Richards's] deliberate choice of an improper forum, in contravention of their contract, cannot be charged to" Ernst & Young. *Id.*

Alternatively, Ms. Richards urges that we may rely on the decision of the National Labor Relations Board ("NLRB") decision in *D.R. Horton*, 357 N.L.R.B. No. 184, 2012 WL 36274 (Jan. 3, 2012), to affirm the district court's judgment. We decline to do so. Ms. Richards failed to raise the argument that her arbitration agreement with Ernst & Young was unenforceable under the National Labor Relations Act ("NLRA") until after the parties had briefed, and the district court had denied, Ernst & Young's motion to compel. "We apply a 'general rule' against entertaining arguments on appeal that were not presented or developed before the

district court." *Peterson v. Highland Music, Inc.*,140 F.3d 1313, 1321 (9th Cir. 1998).**[3]**

---

**[3]** Without deciding the issue, we also note that the two courts of appeals, and the overwhelming majority of the district courts, to have considered the issue have determined that they should not defer to the NLRB's decision in *D.R. Horton* on the ground that it conflicts with the explicit pronouncements of the Supreme Court concerning the policies undergirding the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1–16. *See, e.g.*, *Sutherland v. Ernst & Young, LLP*, 726 F.3d 290, 297 n.8 (2d Cir. 2013) (declining to follow *D.R. Horton* or to grant the NLRB's decision any deference); *Owen v. Bristol Care, Inc.*, 702 F.3d 1050, 1055 (8th Cir. 2013) ("[G]iven the absence of any 'contrary congressional command' from the FLSA that a right to engage in class actions overrides the mandate of the FAA in favor of arbitration, we reject Owen's invitation to follow the NLRB's rationale in *D.R. Horton* . . . ." (quoting *CompuCredit Corp. v. Greenwood*, 132 S. Ct. 665, 669 (2012)); *Delock v. Securitas Sec. Servs. USA, Inc.*, 883 F. Supp. 2d 784, 789 (E.D. Ark. 2012) ("The Court declines to endorse, however, the Board's application of the Federal Arbitration Act or its reading of the precedent applying that Act. The NLRA, as interpreted in *Horton*, conflicts with the FAA, as interpreted by the Supreme Court."); *Morvant v. P.F. Chang's China Bistro, Inc.*, 870 F. Supp. 2d 831, 845 (N.D. Cal. 2012) (noting that the Supreme Court had "held that courts are required to enforce agreements to arbitrate according to their terms, unless the FAA's mandate has been overridden by a contrary congressional command," but concluding that "Congress did not expressly provide that it was overriding any provision in the FAA when it enacted the NLRA or the Norris-LaGuardia Act" (internal quotation marks omitted)); *Jasso v. Money Mart Express, Inc.*, 879 F. Supp. 2d 1038, 1049 (N.D. Cal. 2012) ("Because Congress did not expressly provide that it was overriding any provision in the FAA, the Court cannot read such a provision into the NLRA and is constrained by [*AT&T Mobility LLC v.*] *Concepcion*[, 131 S. Ct. 1740 (2011),] to enforce the instant agreement according to its terms."); *LaVoice v. UBS Fin. Servs., Inc.*, No. 11 Civ. 2308 (BSJ) (JLC), 2012 WL 124590, at *6 (S.D.N.Y. Jan. 13, 2012) (holding that "this Court must read *AT & T Mobility* as standing against any argument that an absolute right to collective action is consistent with the FAA's 'overarching purpose' of 'ensur[ing] the enforcement of arbitration agreements according to their terms so as to facilitate streamlined proceedings'" and that, "[t]o the

**REVERSED.**[4]

---

extent that LaVoice relies on . . . the recent decision of the [NLRB] in *D.R. Horton, Inc.* . . . , as authority to support a conflicting reading of *AT&T Mobility*, this Court declines to follow th[at] decision[]" (quoting *AT&T Mobility*, 131 S. Ct. at 1748)). *But see Brown v. Citicorp Credit Servs.*, No. 1:12-cv-00062-BLW, 2013 WL 645942, at *3 (D. Idaho Feb. 21, 2013) (deferring to NLRB's decision in *D.R. Horton* under *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984), as "rational and consistent" with the NLRA, but failing to consider countervailing policies or deference with respect to the FAA); *Herrington v. Waterstone Mortg. Corp.*, No. 11-cv-779-bbc, 2012 WL 1242318, at *6 (W.D. Wis. Mar. 16, 2012) (finding "the Board's interpretation of the NLRA in *D.R. Horton*[] is reasonably defensible" and, therefore, "applying it . . . to invalidate the collective action waiver in the arbitration agreement" (internal quotation marks omitted)).

[4] Because the district court should have compelled arbitration, and because the arbitration agreement between Ernst & Young and Ms. Richards precludes class arbitration, we also vacate the district court's order certifying a class of litigants with Ms. Richards as its representative.