IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

SECURITY ALARM FINANCING
ENTERPRISES, L.P.,
*Plaintiff/Appellee,*


*v.*


AMY FULLER, et al.
*Defendants/Appellants.*


No. 1 CA-CV 16-0255
FILED 7-6-2017


Appeal from the Superior Court in Maricopa County
No. CV2015-007680
The Honorable Christopher T. Whitten, Judge

**JURISDICTION ACCEPTED; RELIEF GRANTED**

COUNSEL

Baskin, Richards, PLC, Phoenix
By William A. Richards, Nicole C. Davis
*Counsel for Plaintiff/Appellee*

Limon-Wynn Law, PLLC, Tempe
By Monica A. Limon-Wynn
*Counsel for Defendants/Appellants*

## OPINION

Presiding Judge Diane M. Johnsen delivered the opinion of the Court, in which Judge Patricia K. Norris and Judge Jennifer B. Campbell joined.

J O H N S E N, Judge:

¶1        The superior court denied a motion to dismiss in favor of arbitration under the Federal Arbitration Act, holding the moving parties waived their right to compel arbitration by failing to raise it as an affirmative defense in their answer.  Exercising our discretion to accept special action review and applying federal law, we hold there was no waiver and reverse the order denying the motion to dismiss.

### FACTS AND PROCEDURAL BACKGROUND

¶2        Security Alarm Financing Enterprises, L.P. filed a complaint alleging contract and tort claims against several former employees and their new employer.  The complaint alleged breach of contract, misappropriation of trade secrets, unfair competition and tortious interference with business expectancies.  In answering the complaint, Amy Fuller, Molly Griffis, and Carlee and Darryl Reeves (collectively "Appellants") did not raise any affirmative defense concerning arbitration.

¶3        Security acknowledges that 29 days after Appellants answered the complaint, their counsel contacted Security to raise the existence of arbitration agreements Appellants each had signed when they started work with Security.  (The arbitration agreements were stand-alone contracts separate from the confidentiality agreements on which Security's contract claims were based.)  Each of the identical three-page arbitration agreements specified that it "is governed by the Federal Arbitration Act, 9 U.S.C. § 1 et seq.," and that it would apply "to any dispute arising out of or related to" the employee's "employment with . . . [Security] . . . or termination of employment."  Appellants asked whether Security would agree to arbitration; a month later, Security responded that it would not agree.  Four days after receiving Security's response, Appellants moved to dismiss the complaint and to compel arbitration.  The superior court denied the motion, finding Appellants waived their right to compel arbitration by failing to cite the arbitration agreement as an affirmative defense in their answer.  Appellants then appealed.

## DISCUSSION

### A.    Jurisdiction.

¶4        This court derives its jurisdiction wholly from statute. *See Garza v. Swift Transp. Co.*, 222 Ariz. 281, 283, ¶ 12 (2009). Generally speaking, an order denying a motion to dismiss is not reviewable by appeal because it is not a final judgment. *See Brumett v. MGA Home Healthcare, L.L.C.*, 240 Ariz. 420, 426, ¶ 4 (App. 2016).

¶5        Appellants, however, suggest Arizona Revised Statutes ("A.R.S.") section 12-2101.01(A)(1) (2017) grants this court jurisdiction over the denial of their motion to dismiss and to compel arbitration.[1] That statute grants the court of appeals jurisdiction to hear an appeal from "[a]n order denying an application to compel arbitration made under § 12-1502 or 12-3007." But Appellants did not move to compel arbitration under either A.R.S. § 12-1502 (2017) (adopted from the Uniform Arbitration Act) or A.R.S. § 12-3007 (2017) (adopted from the Revised Uniform Arbitration Act). Indeed, Arizona's versions of the Uniform Arbitration Act and the Revised Uniform Arbitration Act expressly do not apply to arbitration agreements, such as the one at issue here, between an employer and its employee. A.R.S. §§ 12-1517 (2017), -3003(B)(1) (2017). Instead, Appellants moved to compel arbitration under the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16 (2017), which the arbitration agreement expressly adopted. Because Appellants did not move to compel arbitration under A.R.S. §§ 12-1502 or -3007, and because no other statute grants this court appellate jurisdiction, we lack jurisdiction to consider Appellants' appeal from the order denying their motion.

¶6        Alternatively, Appellants ask us to treat their appeal as a petition for special action. In our discretion and pursuant to A.R.S. § 12-120.21(A)(4) (2017), we may exercise special action jurisdiction "under appropriate circumstances." *Phillips v. Garcia*, 237 Ariz. 407, 410, ¶ 6 (App. 2015). Special action jurisdiction is proper when a party has no "equally plain, speedy, and adequate remedy by appeal," Arizona Rule of Procedure for Special Actions 1(a), and in cases "involving a matter of first impression, statewide significance, or pure questions of law," *State ex rel. Pennartz v. Olcavage*, 200 Ariz. 582, 585, ¶ 8 (App. 2001).

---

[1]        Absent material revision after the relevant date, we cite a statute's current version.

¶7        Appellants have no adequate remedy by appeal from the order denying their motion to compel arbitration. *See Yarbrough v. Montoya-Paez*, 214 Ariz. 1, 2 (App. 2006) (accepting special action jurisdiction of order transferring venue). Further, the primary issue presented here is a question of law, namely, what a party must show to establish that an adversary has waived a right to arbitration under the FAA. As presented, this dispute "require[s] neither factual review nor interpretation." *Orme School v. Reeves*, 166 Ariz. 301, 303 (1990). It likewise is an issue of first impression in this state. *See State ex rel. Thomas v. Duncan*, 216 Ariz. 260, 262, ¶ 5 (App. 2007).

¶8        Accordingly, we exercise our discretion to accept special action jurisdiction to determine whether the superior court erred by denying Appellants' motion to dismiss and to compel arbitration.

## B.      Denial of the Motion to Compel Arbitration.

¶9        We review the denial of a motion to compel arbitration *de novo*. *Sun Valley Ranch 308 Ltd. P'ship v. Robson*, 231 Ariz. 287, 291, ¶ 9 (App. 2012). Further, whether conduct amounts to waiver of the right to arbitrate is a question of law we review *de novo*. *In re Estate of Cortez*, 226 Ariz. 207, 210, ¶ 3 (App. 2010).

¶10       The parties disagree about whether Arizona law or federal law governs waiver of a right to arbitration under the FAA. Depending on the circumstances of a particular case, which law applies may make a difference because the legal standards governing waiver may not be precisely the same. In arguing that Appellants waived arbitration by failing to plead it in their answer, Security relies on our decision in *Cortez* as "controlling." *See* 226 Ariz. at 211, ¶ 6 ("An assertion that arbitration is mandatory is an affirmative defense to a complaint. It is well established that any defense not set forth in an answer or pre-answer motion to dismiss is waived." (Citation omitted.)). Security argues that under Arizona law, Appellants' failure to plead arbitration was sufficient by itself to constitute waiver. By contrast, under the FAA, conduct inconsistent with an intent to arbitrate by itself is not sufficient to establish waiver; at a minimum, the court also must consider whether the party opposing arbitration has suffered prejudice by the other party's inconsistent acts. *Compare Richards v. Ernst & Young, LLP*, 744 F.3d 1072, 1074 (9th Cir. 2013) (waiver requires showing of prejudice), *with Zuckerman Spaeder, LLP v. Auffenberg*, 646 F.3d 919, 922 (D.C. Cir. 2011) (potential prejudice is among circumstances to be considered).

**¶11** Two respective provisions of the FAA guide analysis of challenges to a party's right to compel arbitration. First, under 9 U.S.C. § 2, a written arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." The cases make clear that the inquiry under § 2 of whether an arbitration agreement is "valid, irrevocable, and enforceable" is governed by state law, i.e., the law pertaining to "revocation of any contract." *See, e.g.*, *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 686 (1996) (state law governs general issues concerning the validity, revocability and enforceability of contracts); *Perry v. Thomas*, 482 U.S. 483, 492, n.9 (1987); *Hudson v. Citibank (S.D.) NA*, 387 P.3d 42, 47 (Alaska 2016). Thus, when an Arizona court determines the validity or enforceability of an arbitration agreement under the FAA, it applies Arizona common law pertaining to contracts. *See, e.g.*, *WB, The Bldg. Co. v. El Destino, LP*, 227 Ariz. 302, 308, ¶ 14 (App. 2011).

**¶12** But the issue here is not whether Arizona contract-law principles invalidate the arbitration agreements Security asked Appellants to sign. The issue is whether Appellants waived their right to enforce those agreements. That issue is resolved not under state-law principles pursuant to § 2 of the FAA, but under federal-law principles dictated by the other provision in the FAA applying to challenges to arbitration, 9 U.S.C. § 3. Under § 3:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

**¶13** Pursuant to 9 U.S.C. § 3, a state court must order arbitration so long as the moving party "is not in default in proceeding with such arbitration." This provision, as a matter of federal law, governs the determination of whether a party has "default[ed]" by waiving the right to seek arbitration under an otherwise enforceable agreement. *See Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 217 (3d Cir. 2007); *Marie v. Allied Home Mortg. Corp.*, 402 F.3d 1, 13 (1st Cir. 2005) (citing cases); *S & H Contractors, Inc. v. A.J. Taft Coal Co.*, 906 F.2d 1507, 1514 (11th Cir. 1990) ("Our

determination of whether S & H waived its right to arbitration, as opposed to whether the contract is void under Alabama law, is controlled solely by federal law."); *Cornell & Co. v. Barber & Ross Co.*, 360 F.2d 512, 513 (D.C. Cir. 1966) ("Once having waived the right to arbitrate, that party is necessarily 'in default in proceeding with such arbitration.'"); *Hudson*, 387 P.3d at 47; *see also Barber & Ross Co. v. Cornell & Co.*, 242 F. Supp. 825, 826 (D.D.C. 1965) (moving party was "in default" because "the litigation machinery had been substantially invoked . . . by the time . . . an intention to arbitrate was communicated"). In the face of these authorities, Security cites no case holding that waiver of a right to arbitrate under the FAA is governed by state-law principles under § 2 of the FAA rather than by federal-law principles under § 3.[2]

**¶14** Accordingly, turning to the federal law of waiver under the FAA, the Ninth Circuit Court of Appeals has held that waiver of a right to arbitration under 9 U.S.C. § 3 requires a showing of "(1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts." *Richards*, 744 F.3d at 1074. Many other circuit courts impose the same requirements. *See*, *e.g.*, *Shy v. Navistar Int'l Corp.*, 781 F.3d 820, 827-28 (6th Cir. 2015) ("Both inconsistency and actual prejudice are required."); *In re Checking Account Overdraft Litig.*, 754 F.3d 1290, 1294 (11th Cir. 2014); *Wheeling Hosp., Inc. v. Health Plan of the Upper Ohio Valley, Inc.*, 683 F.3d 577, 586-87 (4th Cir. 2012); *Ehleiter*, 482 F.3d at 222 ("[P]rejudice is the touchstone for determining whether the right to arbitrate has been

---

[2] Because state law does not apply, we need not decide whether, as Security argues, *Cortez* and Arizona law require denial of a motion to compel arbitration brought by a party that has answered the complaint without reserving the right to arbitrate. We note, however, that evidence in *Cortez* established far more than a mere failure to plead arbitration as an affirmative defense; the defendant there also "participated substantially in the litigation and thereby exhibited additional conduct inconsistent with enforcing the [arbitration] agreement." 226 Ariz. at 211, ¶ 6; *see City of Phoenix v. Fields*, 219 Ariz. 568, 575, ¶ 30, n.4 (2009) (party may waive arbitration by "participat[ing] substantially in litigation without promptly seeking an order from the court compelling arbitration"). Further, Security incorrectly argues that application of 9 U.S.C. § 3 to this case "illogically presumes in the first instance" that *Cortez* "somehow adopted a state waiver standard that would violate requirements of the FAA." The FAA was not at issue in *Cortez*, and our decision in that case did not mention the federal statute.

waived."); *Seguros Banvenez, S.A. v. S/S Oliver Drescher*, 761 F.2d 855, 862 (2d Cir. 1985). Other courts have held that while prejudice is not required, it is a factor to be considered in determining whether waiver has occurred. *See, e.g.*, *Zuckerman Spaeder*, 646 F.3d at 922 (potential prejudice is among circumstances to be considered); *St. Mary's Med. Ctr. of Evansville, Inc. v. Disco Aluminum Prods. Co., Inc.*, 969 F.2d 585, 590 (7th Cir. 1992) ("If prejudice is relevant, even if not dispositive, the district court should consider it just as it should consider any other relevant factor."); *Hudson*, 387 P.3d at 47-48.

¶15 In interpreting a federal statute, in the absence of guidance by the United States Supreme Court, Arizona courts will look first to a "clear rule" issued by the Ninth Circuit Court of Appeals if that rule appears just. *Weatherford ex rel. Michael L. v. State*, 206 Ariz. 529, 532-33, ¶¶ 8-9 (2003). When other courts are divided on an issue of federal substantive law, following Ninth Circuit precedent "furthers federal-state court relationships" and promotes "predictability and stability of the law." *Id.* at 533, ¶ 9.

¶16 On this question, we adopt the Ninth Circuit rule for the additional reason that it has the benefit of clarity and certainty. As interpreted by the Ninth Circuit, waiver under 9 U.S.C. § 3 requires proof that the party seeking arbitration knew of an "existing right to compel arbitration," it nevertheless committed "acts inconsistent with that existing right," and those inconsistent acts caused prejudice to the party opposing arbitration. *Richards*, 744 F.3d at 1074. In applying this standard, we keep in mind that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983).

¶17 Applying 9 U.S.C. § 3 to the facts of this case, we conclude Appellants did not waive their right to arbitration of Security's claims against them. To be sure, Appellants were aware of the arbitration agreement, at least constructively, and they undeniably did not raise arbitration as an affirmative defense in their answer. But they contacted Security to commence the arbitration process within a month of answering the complaint. Most significantly, Security has not shown it was prejudiced by Appellants' delay.

¶18 In support of its argument to the contrary, Security contends it went to the trouble of preparing its initial disclosure statement under

Arizona Rule of Civil Procedure 26.1 before the court ruled on Appellants' motion to dismiss. But Security's complaint against Appellants also named other defendants with which Security has no arbitration agreements. Having chosen to join all the defendants in a single action, Security accepted the possibility that its claims would have to proceed on dual tracks, one through the superior court and the other through arbitration. Under both state and federal principles, in these circumstances, enforcement of parties' rights "*requires* piecemeal resolution when necessary to give effect to an arbitration agreement." *Moses H. Cone*, 460 U.S. at 20; *Forest City Dillon, Inc. v. Superior Court*, 138 Ariz. 410, 412 (App. 1984). Accordingly, Appellants' failure to cite the arbitration agreement in their answer did not compel Security to prepare a disclosure statement in support of its claims; Security was obligated to prepare that disclosure for the other defendants regardless of any purported waiver by Appellants.

**¶19** Nor did Appellants unfairly benefit by receiving a copy of the disclosure statement Security provided to the other defendants. The arbitration agreements Appellants signed at Security's request expressly grant the parties "the right to conduct adequate civil discovery." Security further argues it suffered prejudice because Appellants twice asked for extensions of time to respond to the complaint, but it does not state how the delay caused injury to the company. Moreover, the delay at issue here is the 29 days after answering the complaint it took Appellants to raise the arbitration agreement, not any delay before they filed their answer. For the same reasons, Security's contention that it was prejudiced by its pre-litigation efforts to "deliver[] cease and desist letters" to Appellants and in "framing its litigation strategy" is unfounded.

**¶20** In sum, Security makes no showing that it was prejudiced by Appellants' failure to cite the arbitration agreement in their answer or by the subsequent 29-day delay before Appellants first raised the issue of arbitration. Accordingly, the superior court erred by denying Appellants' motion to compel arbitration.

**CONCLUSION**

**¶21** Accepting special action jurisdiction, we grant relief by reversing the superior court's order denying Appellants' motion to dismiss and to compel arbitration.

