**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 22 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

2151 MICHELSON, L.P., a California
limited partnership,

　　　　　Plaintiff-Appellant,

　v.

CORPORATION OF THE PRESIDING
BISHOP OF THE CHURCH OF JESUS
CHRIST OF LATTER-DAY SAINTS, a
Utah Corporation,

　　　　　Defendant-Appellee.

No.　17-56106

D.C. No.
8:17-cv-00781-DOC-DFM

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted February 8, 2019
Pasadena, California

Before: WARDLAW and BEA, Circuit Judges, and MURPHY,** District Judge.

---

　　　* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　　** The Honorable Stephen J. Murphy, III, United States District Judge for the Eastern District of Michigan, sitting by designation.

2151 Michelson, L.P. ("Michelson") appeals the district court's order denying its motion to remand and granting the Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints's ("CPB") motion to dismiss and compel arbitration in an action brought by Michelson challenging the provisions of a lease. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and reverse in part the district court's order granting CPB's motion to dismiss and compel arbitration.

1.      The district court correctly determined that CPB's litigation of a rent reset dispute with Michelson in 2002 was not a waiver of CPB's right to arbitrate the current rent reset dispute. "[A] party seeking to prove waiver of a right to arbitration must demonstrate: (1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts." *Richards v. Ernst & Young, LLP*, 744 F.3d 1072, 1074 (9th Cir. 2013).

CPB's actions in the present dispute are not inconsistent with the right to arbitrate. In its complaint, Michelson acknowledged that CPB intended to arbitrate. Furthermore, "litigation machinery" has not been "'substantially invoked'" in this case. *See Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1124 (9th Cir. 2008). CPB has filed only a motion to remove and a motion to dismiss

2

and compel arbitration. No discovery has been conducted. Moreover, Michelson has not cited any controlling authority for the proposition that CPB's actions in the prior state court proceeding may be considered in a waiver analysis.

In addition, Michelson failed to address in its opening brief the district court's finding that it failed to meet its burden of demonstrating prejudice. Accordingly, any argument against the district court's finding that Michelson has not suffered prejudice is waived. *See Kumar v. Gonzales*, 444 F.3d 1043, 1056 (9th Cir. 2006).

2.　　The district court erred by concluding that the state court preclusion issue is not subject to arbitration. The parties agree that the preclusive effect of prior litigation is arbitrable. *See Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 880 (9th Cir. 2007) ("Arbitrators are not free to ignore the preclusive effect of prior judgments under the doctrines of res judicata and collateral estoppel, although they generally are entitled to determine in the first instance whether to give the prior judicial determination preclusive effect."). Michelson may therefore present arguments to the arbitration panel about what preclusive effect the earlier state court proceedings have on the current dispute.

3.　　The district court correctly dismissed the action on the basis that all the claims are arbitrable. A district court may dismiss an action, rather than stay it,

when all of the issues are arbitrable. *See, e.g.*, *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988). Here, as explained above, all the claims are arbitrable. Thus, the district court did not err by dismissing the action without prejudice.

Each party shall bear its own costs of appeal.

**AFFIRMED IN PART AND REVERSED IN PART.**