

# NUMBER 13-22-00168-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

PRAVATI CAPITAL III FUNDING,
LP AND ALEXANDER CHUCRI,                                    Appellants,

v.

LAW OFFICES OF PHILLIPPE AND
ASSOCIATES, PC, A TEXAS
PROFESSIONAL CORPORATION
AND CHRISTOPHER L. PHILLIPPE,                              Appellees.

## On appeal from the County Court at Law No. 1
### of Cameron County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Silva and Peña
### Memorandum Opinion by Justice Silva

Appellants, Pravati Capital III Funding, LP[1] (Pravati) and Alexander Chucri, appeal the trial court's denial of their motion to compel arbitration. By a single issue, appellants argue that the trial court erred by denying their motion to compel because their contract with appellees, Law Offices of Phillippe and Associates, P.C. (Law Firm) and Christopher L. Phillippe, "contains an unequivocal, enforceable, and mandatory arbitration clause." We reverse and render.

## I.  BACKGROUND

Pravati and the Law Firm entered into a legal funding contract and security agreement (Contract) whereby Pravati would provide working capital to the Law Firm. The Law Firm provided Pravati with a security interest in the future proceeds from various cases that it was working on. The Contract included a choice of law provision, which designated Arizona law as the law under which it would be "governed, interpreted[,] and enforced." The Contract additionally contained an arbitration provision that required all disputes "arising out of[] or otherwise relating to" the Contract to "be finally, conclusively[,] and exclusively settled by binding arbitration in the State of Arizona in accordance with the arbitration rules . . . of the American Arbitration Association (AAA)." Attached to the Contract as "Schedule E" was a separate guaranty agreement whereby Phillippe agreed to personally guarantee the Law Firm's obligations under the contract. The guaranty agreement also included an Arizona choice of law provision, but it did not include an arbitration clause. The Contract incorporated each schedule attached to it by reference,

---

[1] Although named in appellees' petition as "Pravati Capital III Funding, LP," Pravati notes that its correct name is "Pravati Credit Fund III LP." However, there is no verified plea in the record before us indicating that there is a defect in the parties. *See* TEX. R. CIV. P. 93(4).

designating the attachments as part of the Contract.

Alleging a variety of breaches of the Contract and guaranty agreement, Pravati commenced arbitration against appellees in Arizona. Appellees did not participate in the final arbitration hearing, and the arbitrator ultimately awarded Pravati $105,792.83 plus costs and attorneys' fees. Almost two years later, appellees filed an original petition in Texas against appellants, alleging Texas Deceptive Trade Practices Act violations and common law fraud. Appellants filed an original answer, plea to the jurisdiction, and motion to compel arbitration, the latter two of which the trial court denied. Appellants specifically appeal the trial court's denial of its motion to compel arbitration. *See* 9 U.S.C. § 16(a)(1)(C) ("An appeal may be taken from . . . an order . . . denying an application under [§] 206 of this title to compel arbitration . . . ."); TEX. CIV. PRAC. & REM. CODE ANN. § 51.016 ("In a matter subject to the Federal Arbitration Act [(FAA)]. . . , a person may take an appeal . . . from the judgment or interlocutory order of a district court, county court at law, or county court under the same circumstances that an appeal from a federal district court's order or decision would be permitted by 9 U.S.C. [§] 16.").

## II.    APPLICABLE LAW

A choice-of-law provision dictates the substantive law that applies to a dispute; however, as the forum state, we apply Texas law to procedural questions. *HealthTronics, Inc. v. Lisa Laser USA, Inc.*, 382 S.W.3d 567, 577 (Tex. App.—Austin 2012, no pet.) (citing *In re Lisa Laser USA, Inc.*, 310 S.W.3d 880, 883 n.2 (Tex. 2010) (orig. proceeding) (per curiam)). "Procedural questions include matters such as preservation of error, the admissibility of evidence, and standards of review." *Id.* (first citing *Arkoma Basin Explor.*

3

*Co. v. FMF Assocs. 1990–A, Ltd.*, 249 S.W.3d 380, 387–90 (Tex. 2008); and then citing *Ill. Tool Works, Inc. v. Harris*, 194 S.W.3d 529, 532 (Tex. App.—Houston [14th Dist.] 2006, no pet.)).

The FAA "preempts state law and governs all written arbitration agreements involving interstate commerce." *Hamblen v. Hatch*, 398 P.3d 99, 104 (Ariz. 2017) (cleaned up). Under the FAA, if the parties entered into a written arbitration agreement, a trial court shall stay any pending case upon the motion of either party and compel the parties to arbitrate. 9 U.S.C. §§ 3, 206. "The FAA establishes 'a liberal federal policy favoring arbitration agreements' and requires courts to enforce these agreements 'unless the FAA's mandate has been overridden by a contrary congressional command.'" *United Behav. Health v. Maricopa Integrated Health Sys.*, 377 P.3d 315, 319 (Ariz. 2016) (quoting *CompuCredit Corp. v. Greenwood*, 565 U.S. 95, 98 (2012)). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration . . . ." *Sec. Alarm Fin. Enters., L.P. v. Fuller*, 398 P.3d 578, 583 (Ariz. Ct. App. 2017) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983)). To escape an arbitration clause under the FAA, a party must specifically challenge the arbitration clause itself, not the contract as a whole. *Hamblen*, 398 P.3d at 103 (citing *Rent-A-Ctr., West, Inc. v. Jackson*, 561 U.S. 63, 70 (2010)). However, "in determining whether the parties agreed to arbitrate a certain matter, courts apply the contract law of the particular state that governs the agreement." *Wash. Mut. Fin. Group, LLC v. Bailey*, 364 F.3d 260, 264 (5th Cir. 2004); *see In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 739 (Tex. 2005) (orig. proceeding) (applying state law to determine whether a non-

4

signatory was bound to an arbitration agreement under the FAA).

"Arizona treats guaranty agreements as contracts separate from their related instruments." *Monroe v. Ariz. Acreage LLC*, 443 P.3d 954, 961 (Ariz. Ct. App. 2019) (citing *Flori Corp. v. Fitzgerald*, 810 P.2d 599, 600 (Ariz. Ct. App. 1990)). However, a separate agreement may incorporate the terms of another agreement by reference. *Weatherguard Roofing Co. v. D.R. Ward Const. Co.*, 152 P.3d 1227, 1229 (Ariz. Ct. App. 2007). To do so, "[t]he reference must be *clear and unequivocal* and must be called to the attention of the other party, he must consent thereto, and the terms of the incorporated document must be known or easily available to the contract parties." *Id.* (quoting *United Cal. Bank v. Prudential Ins. Co. of Am.*, 681 P.2d 390, 420 (Ariz. Ct. App. 1983)). However, the contract does not necessarily need to specifically state that another contract is incorporated by reference if the referenced context is clear. *See id.* (citing *United Cal.*, 681 P.2d at 420); *see also Lexon Ins. v. Valley Springs Estates, LLC*, No. 1 CA-CV 16-0096, 2017 WL 2982278, at *3 (Ariz. Ct. App. July 13, 2017) (mem. op.) ("Physical attachment of the document is not necessary."); *Shanks v. Meritage Homes of Ariz., Inc.*, No. 1 CA-CV 09-0137, 2010 WL 286791, at *4 (Ariz. Ct. App. Jan. 26, 2010) (mem. op.) ("[T]o incorporate another document by reference, no particular language is required.").

### III.   STANDARD OF REVIEW

"We review the denial of a motion to compel arbitration under the [FAA] for an abuse of discretion." *U.S. Lawns, Inc. v. Castillo*, 347 S.W.3d 844, 846 (Tex. App.—Corpus Christi–Edinburg 2011, pet. denied) (first citing *Sidley Austin Brown & Wood, LLP v. J.A. Green Dev. Corp.*, 327 S.W.3d 859, 862–63 (Tex. App.—Dallas 2010, no pet.);

5

and then citing *In re D. Wilson Constr. Co.*, 196 S.W.3d 774, 780 (Tex. 2006) (orig. proceeding)); *see In re Lisa Laser USA, Inc.*, 310 S.W.3d at 883 n.2 ("The law of the forum state applies to procedural questions."). "A trial court abuses its discretion when it acts arbitrarily or unreasonably and without reference to any guiding rules or principles." *Castillo*, 347 S.W.3d 846 (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985)). "As a threshold matter, a party seeking to compel arbitration must establish the existence of a valid arbitration agreement and the existence of a dispute within the scope of the agreement." *Rachal v. Reitz*, 403 S.W.3d 840, 843 (Tex. 2013). Whether an arbitration agreement is enforceable is a question we review de novo. *Id.*

## IV. ANALYSIS

Appellants contend that the trial court erred by denying their motion to compel arbitration because the Contract contained a mandatory arbitration provision to which both the Law Firm and Phillippe were bound. In response, appellees only assert that Phillippe was not a party to the Contract and thus not bound by its arbitration clause. Appellants, in turn, argue that Phillippe is bound to the Contract's arbitration clause because he was a party to the guaranty agreement, which was incorporated into the Contract as a schedule.

First, we agree with appellants that the Law Firm is bound by the arbitration clause. The Law Firm does not dispute that it is a party to the Contract or that its claims "arise between or among [the parties] in connection with, arising out of, or otherwise relating to [the Contract]." Further, the Law Firm does not attack the validity of the arbitration clause itself. *See Hamblen*, 398 P.3d at 103. As such, appellants established the existence of a

6

valid arbitration agreement and the existence of a dispute that falls within the scope of the agreement. *See Rachal*, 403 S.W.3d at 843. Thus, the trial court abused its discretion by denying appellants' motion to compel arbitration as it relates to the Law Firm. *See* 9 U.S.C. § 206; *Rachal*, 403 S.W.3d at 843; *United Behav. Health*, 377 P.3d at 319.

As to Phillippe, although the guaranty agreement itself does not expressly incorporate the terms of the Contract by reference, it is clear from the context that it was made a part of the Contract. *See Weatherguard Roofing*, 152 P.3d at 1229. First, the Contract specifically incorporated each schedule into it, including the guaranty agreement. *See id.*; *see also Schutt Law Firm PLC v. Subrok, LLC*, No. 1 CA-CV 20-0099, 2021 WL 709769, at *3 (Ariz. Ct. App. Feb. 23, 2021) (mem. op.) (permitting incorporation by reference where "the document's signature page, . . . clearly and unequivocally states that a separate document . . . supplements the terms of the contract"). Further, both documents were executed at the same time, by the same persons, and for the same purpose. *See Pearll v. Williams*, 704 P.2d 1348, 1351 (Ariz. Ct. App. 1985) ("[S]ubstantially contemporaneous instruments will be read together to determine the nature of the transaction between the parties."); *see also Shanks*, 2010 WL 286791, at *4 (same). Importantly, the guaranty agreement "clearly and unequivocally" references the Contract and was attached to it. *See Weatherguard Roofing*, 152 P.3d at 1229. We conclude that the guaranty agreement incorporated by reference the terms of the Contract, thus binding Phillippe to the arbitration clause. *See id.*; *see also Lexon Ins. Co.*, 2017 WL 2982278, at *3 (concluding schedule of rates referenced by but not attached to primary contract was incorporated by reference).

For the same reasons we conclude the Law Firm's claims fall under the Contract's arbitration provision, Phillippe's claims do as well. *See* 9 U.S.C. § 206; *Rachal*, 403 S.W.3d at 843; *United Behav. Health*, 377 P.3d at 319. The trial court abused its discretion by denying appellants' motion to compel arbitration. *See Castillo*, 347 S.W.3d at 846. Appellants' sole issue is sustained.

## V.    CONCLUSION

We reverse the trial court's judgment and render an order compelling the parties to arbitrate their claims.

CLARISSA SILVA
Justice

Delivered and filed on the
11th day of May, 2023.